UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

BERNARD BURNETTE, )
)
Petitioner, )
)
v. ) Case No. 1:16-cv-01013-JMS-DML
)
STANLEY KNIGHT, )
)
Respondent. )

**Entry Denying Petition for a Writ of Habeas Corpus
And Directing Entry of Final Judgment**

Bernard Burnette petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenges the imposition of sanctions in Indiana Department of Correction disciplinary proceeding number IYC 15-09-0215. Mr. Burnette, at all relevant times to this petition, was an inmate at the Plainfield Correctional Facility, also known as the Indiana Youth Center. He lost three hundred sixty days of earned credit time and was demoted in credit earning class, among other sanctions, on his conviction for rioting. Mr. Burnette plead guilty to the charge, but brings this action seeking relief from the sanctions. For the reasons explained below, his petition for habeas corpus is **denied**.

**I. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support

the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

## II. Petitioner's Disciplinary Proceeding

On August 29, 2015, inmates at the Plainfield Correctional Facility rioted for two hours in a housing unit. Inmates suffered broken bones, lacerations, abrasions, and stab wounds. The inmates involved in the riot used shanks, broom sticks, trash cans, and chairs as weapons. Video surveillance recordings were reviewed and twenty offenders were identified as active participants in the riot. One of those offenders was petitioner Bernard Burnette. He was charged in a disciplinary action with rioting. Dkt. 8-1.

Notice of the charge was provided to Mr. Burnette on October 13, 2015. Dkt. 8-3. He indicated he would plead guilty and did not request witnesses or evidence. *Id.* The disciplinary hearing was held on October 13, 2015. Mr. Burnette plead guilty as he had indicated he would. Dkt. 8-5. The hearing officer considered Mr. Burnette's plea and statement, staff reports, a written review of the video evidence, and the Internal Affairs case file. He adjudged Mr. Burnette guilty and imposed sanctions. The sanctions were based on the nature and severity of the offense and the degree to which it disrupted and endangered the security of the facility. *Id.*

Mr. Burnette appealed to the facility head, contending he did not mean to plead guilty to rioting but to a lesser offense of assault. He also denied being present during the riot. The appeal was denied, and the second appeal to the Department of Correction final reviewing authority was also denied. Dkts. 8-6 & 8-7. With these appeals denied, Mr. Burnette then filed this habeas corpus action.

## III. Discussion

### A. Petitioner's Claims

Mr. Burnette presents two grounds for relief in his petition. The first ground asserts that the institutional disciplinary procedures were inadequate to protect him against an unjustified loss of liberty. The second ground for relief asserts that Mr. Burnette's sanction was enhanced without clear justification.

### B. Analysis

#### First Ground

Mr. Burnette's first ground for relief is a broad claim asserting a general lack of due process. The Court finds no due process violation. He received notice of the charge, an opportunity to request and produce evidence, a hearing at least twenty-four hours after notice of the charge, a written result of the hearing an explanation of the basis for the decision and the sanctions, and an appeal process. Dkt. 8, exs. A-G.

Construing Mr. Burnette's argument as one challenging the sufficiency of the evidence, the claim is meritless. Challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016); *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is any

evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56.

In Mr. Burnette's disciplinary hearing, the hearing officer did not simply rest on Mr. Burnette's guilty plea. He considered staff reports, Mr. Burnette's statement, a review of the video evidence, and the Internal Affairs file. There is "some evidence" supporting the hearing officer's decision. Mr. Burnette was clearly seen on the video in actions which fall within the definition of rioting. Mr. Burnette's first ground for relief is without merit.

Second Ground

Mr. Burnette claims his sanctions were too extreme, and made without justification. He received the loss of 360 days of earned time credits for a Class A offense. The hearing officer stressed that the sanction was imposed in part because of the degree to which the violation disrupted and endangered the security of the facility. Dkt. 8-5 (Report of Disciplinary Hearing).

The 360 day sanction is below the 365 day maximum sanction for a Class A offense. *See* IDOC Policy and Administrative Procedure, http://www.in.gov/idoc/files/02-04-101_The_Disciplinary_Code_ for_Adult_Offenders__6-1-2015.pdf. "[A] federal court will not normally review a state sentencing determination which, as here, falls within the statutory limit," unless the sentence violates the Eighth Amendment by being an "extreme" punishment that is "grossly disproportionate" to the crime. *Koo v. McBride*, 124 F.3d 869, 875 (7th Cir. 1997). Sanctions lower than the maximum certainly do not meet this high standard. In this instance, as well, a 360 day loss of earned credits for participating in a riot, even minimally, are within the range allowed by the policy and therefore Mr. Burnette's arguments on this issue are without merit.

Because neither of Mr. Burnette's grounds for relief have merit, the petition for a writ of habeas corpus is **denied**.

## IV. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles petitioner to the relief he seeks. Accordingly, Mr. Burnette's petition for a writ of habeas corpus must be **denied** and this action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED**.

Date: 12/27/2017

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Bernard Burnette
941694
Plainfield Correctional Facility
Inmate Mail/Parcels
727 Moon Road
Plainfield, IN 46168

Marjorie H. Lawyer-Smith
INDIANA ATTORNEY GENERAL
marjorie.lawyer-smith@atg.in.gov